IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAMILTON BROWN, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:15-cv-1238 |
| | ) Judge David Stewart Cercone |
| HONORABLE ROBERT LUTTI, *et al.*, | ) Magistrate Judge Lisa Pupo Lenihan |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

The Court respectfully recommends that the Complaint be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

## II. REPORT

Plaintiff, Hamilton Brown, commenced this lawsuit by filing a Complaint (ECF No. 1) and Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) in the District Court for the District of Columbia at No. 1:15-cv-01424 on August 31, 2015. Subsequently, the case was transferred to this District on September 23, 2015 and was assigned to the undersigned. This Court granted the motion for leave to proceed IFP on September 24, 2015. Because of the early stage of this litigation, service on the Defendants has not yet been ordered or effectuated.

### A. Legal Standard

Plaintiff is proceeding *pro se* and as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because *pro se* pleadings, "however inartfully pleaded, must be held

to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). However, *pro se* litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D.Pa. Oct. 24, 2006).

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint is malicious where it is abusive of the judicial process and merely repeats pending or previously litigated claims." *Hurst v. Counselman,* 436 F. App'x 58, 59 (3d Cir. 2011) (citing *Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Pittman v. Moore,* 980 F.2d 994 (5th Cir. 1993)). "[A] court may look to its own records to determine whether a pleading repeats prior claims." *Crisafi,* 655 F.2d at 1309 (citing *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975) (affirming dismissal based on finding by district court that a prior complaint, then pending, was based on same conduct by same defendant); *Duhart v.*

2

*Carlson*, 469 F.2d 471 (10th Cir. 1972) (approving trial court's dismissal of a complaint, prior to service of process, on the ground that the plaintiffs sought to relitigate issues already litigated)). In addition, when considering whether an action is malicious, a court "'must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.'") *Hurst,* 436 F. App'x at 59 (quoting *Deutsch v. United States,* 67 F.3d 1030, 1086 (3d Cir. 1995)).[1]

**B.     Discussion**

This civil action is completely duplicative of a previous lawsuit filed by Plaintiff at Civil Action No. 2:15-cv-1154, received in this District on September 2, 2015 upon transfer from the Middle District of Alabama. The court of appeals has held that a plaintiff clearly has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir. 1977) (citing *United States v. Haytian Republic,* 154 U.S. 118, 123-24 (1894); *Sutcliffe Storage & Warehouse Co. v. United States,* 162 F.2d 849, 851 (1st Cir. 1947); 1A J. Moore, *Federal Practice* P 0.219 at 2601 (2d ed. 1974); P. Bator, P. Mishkin, D. Shapiro, & H. Wechsler, *Hart & Wechsler's The Federal Courts and the Federal System* 1232-33 (2d ed. 1973)). When a district court becomes aware that two actions commenced by the same plaintiff are virtually identical, the court can either dismiss the second complaint without prejudice or stay the proceedings in the second lawsuit until judgment is entered in the first action. *Id.* As the court of appeals explained

---

[1] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

in *Walton*: "'The pendency of a prior pending action in the same federal court is ground for abatement of the second action.' . . . There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket . . . . (Citations omitted.)'" *Id.* (quoting *Sutcliffe Storage & Warehouse Co.,* 162 F.2d at 851).

Thus, *Walton* will apply when two civil actions: "(1) take place in the same court; (2) with the same defendants; (3) involving the same subject matter" at the same time. *McKenna v. City of Phila.,* 304 F. App'x 89, 92 (3d Cir. 2008). "Parallel complaints need not be completely identical to fall under *Walton*, which proscribes '*substantially* identical complaints.'" *Id.* (citing *Walton,* 563 F.2d at 71 (emphasis added)).

Here the instant Complaint is completely identical to the one filed at No. 2:15-cv-1154. As such, *Walton* applies and mandates that this action be dismissed without prejudice. Therefore, based on *Walton* and the reasons set forth above, the Court recommends that the Complaint be dismissed without prejudice as to all Defendants.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: September 24, 2015  BY THE COURT:

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc: Hamilton Brown
 Pro Se Plaintiff
 U.S. Steel Tower
 600 Grant Street
 Pittsburgh, PA 15219[2]

---

[2] Plaintiff has not provided a mailing address in this civil action docketed at No. 2:15-cv-1238. However, in the Complaint filed at No. 2:15-cv-1154, this address was provided by Plaintiff.